IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD E. BOYD, EP-5703,        )
    Petitioner,              )
                                 )
    v.                       )   Civil Action No. 07-1274
                                 )
SUPT. HARRY WILSON, et al.,      )
    Respondents.             )

OPINION AND ORDER

Mitchell, M.J.:

Richard E. Boyd, and inmate at the State Correctional Institution at Fayette has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons that follow the petition will be dismissed as having been untimely filed. Additionally, a certificate of appealability will be denied as no viable grounds exist upon which a reasonable jurist could conclude that there is a basis for appeal.

Richard E. Boyd is presently serving a twelve to twenty-six year sentence imposed following his conviction, by a jury, of involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, sexual assault, statutory sexual assault and corrupting the morals of a minor at No. 55 of 2000 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on March 2, 2001.[1]

An appeal was taken to the Superior Court in which the issues presented for review were:

1. Whether [appellant] is entitled to a new trial on the grounds that the verdict is

---

[1] See: Petition at ¶¶ 1-6.

1

contrary to the weight of the evidence?

2. Whether the prosecutor, in her closing remarks to the jury, made a remark that constitutes reversible error due to the fact that it formed in the minds of the jury such hostilities towards [appellant] that the jury was unable to weigh the evidence objectively and render a true verdict?

3. Whether the evidence presented by the Commonwealth was insufficient to find [appellant] guilty beyond a reasonable doubt?

4. Whether trial counsel was ineffective for failing to call potential alibi witnesses and due to the fact that [appellant] testified at trial, which permitted the Commonwealth to introduce statements regarding his sexual history with the victim?[2]

On March 11, 2003, the judgement of sentence was affirmed.[3] Leave to appeal to the Pennsylvania Supreme Court was denied on November 6, 2003.[4]

On March 10, 2004, Boyd filed a post-conviction petition.[5] That petition was denied and the denial was affirmed by the Superior Court on July 1, 2005.[6] On February 2, 2006, Boyd filed a second post-conviction petition which was dismissed as untimely on July 11, 2006.[7] An appeal was taken to the Superior Court which Court on May 2, 2007, affirmed the denial of post-conviction relief on the grounds that it was not timely sought and did not meet any exception to

---

[2] See: Page 12 of the March 11, 2003 Memorandum of the Superior Court attached to the petition.

[3] Id.

[4] See: Opinion of the Superior Court filed on May 2, 2007, attached hereto.

[5] Id.

[6] Id.

[7] Id.

the requirement of timely filing.[8] Leave to appeal was denied by the Pennsylvania Supreme Court on September 6, 2007.[9] The instant petition was executed on September 20, 2007.

In the present petition, Boyd contends he is entitled to relief on the following grounds:

1. Insufficient evidence under <u>Jackson</u>; prosecutor's personal belief [expressed] in closing; ineffective counsel [resulting in] manifest injustice.

2. Speedy trial rights violated by State's rule 600; jury instructions improper on prompt complaint; illegal sentence.

3. PCRA #2 exhausted all claims presented [earlier] along with new facts of speedy trial cover up; new <u>Blakey</u> law.

4. Combined effect of violations during direct appeal, 1st and 2nd PCRA; no [Pennsylvania] savings clause/jurisdiction requires release.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[8] Id.

[9] See: Petition at ¶ 12.

shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the direct appeal on March 11, 2003, and leave to appeal to the Pennsylvania Supreme Court was denied on November 6, 2003. In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on February 4, 2004. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner filed a post-conviction petition on March 10, 2004. That petition was denied and the denial of relief was affirmed on appeal on July 1, 2005. Boyd filed a second post-conviction petition on February 2, 2006. That petition was determined to have been untimely filed and dismissed on July 11, 2006. On appeal the Superior Court likewise concluded that the second post-conviction petition was untimely filed on May 2, 2007, and leave to appeal to the Pennsylvania Supreme Court was denied on September 6, 2007. The instant petition was executed on September 30, 2007. Because the second petition was deemed untimely under state law, the petitioner had approximately one year from the denial of his first post-conviction petition to seek relief here. Thus his petition here had to be filed on or before June 30, 2006 but was not executed until September 30, 2007. Thus, far in excess of the one year period in which to seek relief here has expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

For this reason, the petition of Richard E. Boyd for a writ of habeas corpus will be dismissed, and a certificate of appealability will be denied because there is no basis upon which a reasonable jurist could conclude that the petitioner is entitled to relief.

An appropriate Order will be entered.

ORDER

AND NOW, this 16th day of October 2007, the petition of Richard E. Boyd for a writ of habeas corpus is dismissed, and because no viable constitutional issue exists upon which a reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability is denied:

IT IS FURTHER ORDERED that if he desires to appeal this determination, the petitioner is put on notice that his appeal must be filed within thirty (30) days as mandated by F.R.App.P 4(a)(1)(A).

s/ Robert C. Mitchell,
United States Magistrate Judge